IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LAURA L. KENNEDY                                                                           PLAINTIFF

      v.                                    Civil No. 2:13-cv-02253

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Laura Kennedy, brings this action pursuant to § 405(g) of Title II of the Social Security Act, seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for a period of disability and Disability Insurance Benefits ("DIB") under the provisions of Title II of the Social Security Act ("Act"). The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 6).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**I.    Background:**

Plaintiff protectively filed an application for DIB on June 6, 2011 (Tr. 159), alleging an onset date of June 1, 2009, due to "social anxiety, bi-polar, depression, fibromyalgia, arthritis, and damaged nerves." (Tr. 162-163). For DIB purposes, Plaintiff's date last insured is September 30,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __." The transcript pages for this case are referenced by the designation "Tr."

2015. (Tr. 12, 159). Plaintiff's claim was denied initially and on reconsideration. An administrative hearing was held on April 11, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 26-74). A Vocational Expert ("VE") was also present and testified. (Tr. 67-74).

The Administrative Law Judge ("ALJ") determined Plaintiff had the following severe impairments: osteoarthritis, degenerative disc disease of the cervical spine, fibromyalgia, bilateral shoulder laxity, attention-deficit hyperactivity disorder, mood disorder/depression, and social anxiety. (Tr. 13, Finding 3). After reviewing all of the evidence presented, however, the ALJ determined Plaintiff's impairments did not meet or equal the level of severity of any impairment listing. (Tr. 13, Finding 4).

The ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 14-18). The ALJ first evaluated Plaintiff's subjective complaints and found they were not entirely credible. (Tr. 15). The ALJ then found Plaintiff retained the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) except with only occasional overhead work/reaching. The claimant is further limited to simple, repetitive work with incidental interpersonal contact and direct and concrete supervision." (T. 14, Finding 5).

The ALJ found Plaintiff was thirty-one years old on her alleged disability onset date, and defined as a younger individual under 20 C.F.R. § 416.963(c). (Tr. 16, Finding 7). The ALJ also determined Plaintiff had a high school education and was able to communicate in English. (Tr. 19, Finding 8).

With the help of a VE, the ALJ evaluated Plaintiff's past relevant work ("PRW"). (Tr. 19-20, 67-74). The ALJ determined Plaintiff could not perform any PRW. (Tr. 18, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant

numbers in the national economy. (Tr. 19-20). Based on the VE's testimony, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative occupations such as housekeeping-cleaner, package mail sorter/routing clerk (conveyer belt), lens inserter (optical), and document preparer. (Tr. 19-20, Finding 10). The ALJ concluded Plaintiff was not disabled. (Tr. 20, Finding 11).

Plaintiff then requested a review of the hearing decision by the Appeals Council on September 17, 2012, which denied the request on October 9, 2013. (Tr. 1-3, 5-6). On November 27, 2013, Plaintiff filed the present appeal. (ECF No. 1). The Parties consented to the jurisdiction of this Court on December 3, 2013. (ECF No. 6). Both Parties have filed appeal briefs, and the case is ready for decision. ( ECF Nos. 9, 10).

## II. Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough a reasonable mind would find it adequate to support the Commissioner's decision. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record to support a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other

words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

To determine whether the adult claimant suffers from a disability, the Commissioner uses a five-step sequential evaluation. She determines: (1) whether the claimant is presently engaged in a substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform her PRW; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. 20 C.F.R. §§ 404.1520(a)-(f)*; Cox*, 160 F.3d at 1206. The fact finder only considers the plaintiff's age, education, and work experience in light of her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**III.   Discussion**:

Plaintiff raises the following arguments on appeal: the ALJ (1) asked the VE an inadequate hypothetical because it did not include concentration, persistence, and pace limitations, (2) three jobs the VE identified are obsolete, and (3) the VE's testimony was inconsistent with the Dictionary of Occupational Titles ("DOT"). (Pl. Br. 2-3).

    **A.**   **Hypothetical Question to the VE**

Plaintiff argues the hypothetical questions posed by the ALJ failed to include concentration, persistence, and pace limitations even though the ALJ found Plaintiff had moderate difficulties in

these areas.  (Pl. Br. 3-4, Tr. 13-14).

VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision.  *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992).  The ALJ must only include in the hypothetical the impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence.  *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).  When an ALJ states a claimant has impairments of concentration, persistence, or pace, the hypothetical must include those impairments . *See Newton v. Chater*, 92 F.3d 688, 695 (8th Cir. 1996).  Testimony based on a hypothetical not encompassing all of a claimant's relevant impairments cannot constitute substantial evidence.  *Wilson v. Astrue*, 493 F.3d 965, 967 (8th Cir. 2007).

The Court first notes there is an important distinction between a step two determination and the separate determination of a claimant's RFC.  The step two determination looks at the severity of a claimant's impairments in light of the categories in the Listing of Impairments, which includes concentration, persistence, or pace.  20 C.F.R. Part 404, Subpart P, Appx. 1, § 12.00(C)(1)-(4).  The RFC determination, however, requires a more detailed assessment of a claimant's abilities, such as the ability to understand, remember, and carry out instructions; to respond appropriately to supervision, coworkers, and work pressures in a work setting; to use judgment in making work-related decisions; and to deal with changes in a routine work setting.  20 C.F.R. §§ 404.1545(c); 404.1569a(c); SSR 96-8p.  The hypothetical question must reflect the limitations determined at step two, but it is not required to be phrased identically to the step two findings.

At step two, the ALJ determined Plaintiff had moderate difficulties with concentration, persistence, or pace because she reported she could only pay attention for two minutes, did not finish

what she started, became easily distracted, and did not follow directions well. (Tr. 13-14). "Concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." 20 C.F.R. Part 404, Subpart P, Appx. 1, § 12.00(C)(3). In formulating Plaintiff's RFC, the ALJ found she had the ability to do simple routine work with incidental interpersonal contact and direct and concrete supervision. (Tr. 14). Plaintiff, importantly, has not claimed the ALJ erred in determining her RFC. The first hypothetical posed to the VE was phrased as follows:

> "Assume the hypothetical individual is able to ... perform simple repetitive work with incidental interpersonal contact and direct and concrete supervision. So light work with only occasional overhead work, overhead reaching, simple repetitive work with incidental interpersonal contact and direct and concrete supervision, which is further defined as unskilled work according to the agency."

(Tr. 69). The Court finds this hypothetical properly reflected Plaintiff's deficiencies in concentration, persistence or pace. *See Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001); *see also Brachtel v. Apfel*, 132 F.3d 417, 421 (8th Cir. 1997 (stating the hypothetical including an "ability to do only simple routine repetitive work, which does not require close attention to detail" sufficiently described deficiencies of concentration, persistence, or pace).

   **B.**  **Whether the Commissioner Met Her Step 5 Burden**

In response to the ALJ's hypothetical questions, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 70). The VE testified the jobs consistent with the first hypothetical were maid or housekeeping cleaner, DOT #323.687-014 (1,400 Arkansas, 132,000 nation), and package mail sorter or routing clerk conveyer belt, DOT #222.687-022 (250 in Arkansas, 40,000 nation). The ALJ then asked a second hypothetical question with the

same non-exertional limitations as the first, but with a sedentary work limitation. The VE testified the jobs of lens inserter, DOT #713.687-026 (300 Arkansas, 45,000 nation), and document preparer, DOT #249.587-018 (100 Arkansas, 15,000 nation), existed. (Tr. 70-71). The VE also testified his testimony was consistent with the DOT. (Tr. 72).

Plaintiff believes the package mail sorter, lens inserter, and document preparer jobs are obsolete, although she does not cite any authority to support her position. (Pl. Br. 5-11). She argues relying on the DOT compromises the entire disability adjudication system because it is outdated. She suggests the SSA should instead use the Occupational Information Network ("O-NET"), a database compiled and continually updated by the Department of Labor. (Pl. Br. 7, 9). Plaintiff did not raise her argument that these jobs were obsolete before the ALJ, and O-NET was not referenced in the record.

As Plaintiff points out, the Department of Labor no longer maintains or publishes the DOT, which was last updated in 1991, and O-NET is a more current source of occupational information.[2] *See Jordan v. Astrue*, 2009 WL 3380979, at *3 n.1 (D. Neb. Oct. 21, 2009)(citing 67 Fed. Reg.

---

2

While the Eight Circuit has not addressed information from O-NET, it is worth noting other circuits have considered O-NET in their decisions. The Sixth Circuit remanded a case, in part, because the two jobs selected as representative occupations from the DOT did not appear in O-NET, although the decision has been distinguished by some lower courts. *Cunningham v. Com'r of Soc. Sec.*, 360 Fed Appx. 606 (6th Cir. 2010)(remanding decision because the ALJ relied on DOT job descriptions when more current descriptions were available on O-NET)*; Cf, e.g., Horsley v. Com'r of Soc. Sec.*, 2013 WL 98015 (S.D. Ohio, March 13, 2013)(distinguishing *Cunningham*). The Sixth Circuit commented in *Cunningham*, "common sense dictates that when [job] descriptions appear obsolete, a more recent source of information should be consulted." *Id.* at 615. The Ninth Circuit also considers O-NET to be a reliable source and found it is appropriate for a VE to base his testimony on O-NET rather than the DOT. *Lee v. Barnhart*, 63 F. App'x 292-93 (9th Cir. 2003)(stating SSR 00-4p does not preclude reliance on O-NET).

51752-01). The SSA, however, still relies "primarily on the DOT for information about the requirements of work in the national economy" to make a disability determination. SSR 00-4p. The DOT also appears on the list of publications ALJs can use to take administrative notice of reliable job information, while O-NET is not listed. *See* C.F.R. § 404.1566(d)(1)-(5). The DOT, despite its age, has not been replaced by O-NET.[3] More importantly, the O-NET job descriptions were not discussed at the hearing or referenced in the record, and the Court will not independently consider the information on review. *See Reinhart v. Astrue* 2012 WL 811340, at *9 (E.D. Ark. Mar. 12, 2012)(stating an O-NET job description that did not appear in the record would not be considered because the Court was precluded from considering anything outside the certified transcript).

Plaintiff also contends the VE's testimony was not consistent with the DOT. She considers the jobs recommended by the VE unsuitable because they may require overhead reaching. (Pl. Br. 4-6).[4] Plaintiff, however, does not cite any cases to support her position.

Social Security Ruling 00-4p dictates, "in making disability determinations, the SSA relies primarily on the DOT, including its companion publication the Selected Characteristics of Occupations Defined ("SCO"), for information about the requirements of work in the national economy." *See Moore v. Colvin*, 769 F.3d 987, 989 (8th Cir. 2014). The DOT describes the maximum job requirements for each occupation, and a VE may be able to provide more specific

---

[3] Although the DOT is relied on for job information, O-NET may be useful when it is referenced by the VE or ALJ and incorporated in the record. *See generally Whitehouse v. Sullivan,* 949 F.2d 1005, 1007(8th Cir. 1991)("The Secretary may take administrative notice of any reliable job information."); *see also Welsh v. Colvin,* 765 F.3d 926, 930 (8th Cir. 2014)(stating an ALJ may rely on information about a particular job's requirements available in other reliable publications when crediting VE testimony over a DOT listing).

information about jobs or occupations than the DOT. *Young v. Apfel*, 221 F.3d 1065, 1070 (8th Cir. 2000). The DOT itself cautions its descriptions "'may not coincide in every respect with the content of jobs as performed in particular establishments or at certain localities,'" and not all the jobs have requirements identical to or as rigorous as those listed. *Hall v. Chater*, 109 F.3d 1255, 1259 (8th Cir. 1997)(quoting *Dictionary of Occupational Titles*, vol. 1, at xiii ). "The ALJ, however, has an affirmative responsibility to ask about any possible conflict between the VE evidence and the DOT. If evidence from the VE appears to conflict with the DOT, the ALJ must obtain "a reasonable explanation for the apparent conflict." *Renfrow v. Astrue*, 496 F.3d 918 (8th Cir. 2007).

As Plaintiff acknowledges, the DOT is silent on whether reaching is required for the positions the VE recommended. The SCO, however, describes all of the jobs as requiring frequent reaching, meaning reaching is required from 1/3 to 2/3 of the time. Because these positions involve frequent reaching, there appears to be a conflict between the DOT and the VE's testimony. The transcript, in pertinent part is as follows:

> VE: Now, the, the production assembly work that she did was light, unskilled SVP: 2.
>
> ALJ: Okay. Do you think that would qualify then?
>
> VE: Did you have to do overhead reaching and overhead work with that?
>
> CLMT: Yes, sir.
>
> VE: Okay. Frequent?
>
> CLMT: Yes.
>
> VE: Okay. Then we'll exclude that.
>
> ALJ: Okay.
>
> VE: Okay. So that would eliminate her past work.

> ALJ: All right. Other light level jobs that would accommodate those limits?
>
> VE: The light and unskilled level. ... one example of a job that meets that hypothetical is, is a maid or housekeeping cleaner, 323.687-014. It's light, unskilled and SVP: 2.

(Tr. 69-70). The transcript indicates the VE excluded one position because it required frequent overhead reaching, but immediately testified Plaintiff could perform the housekeeper-cleaner job, which requires frequent reaching in all directions. It is not clear whether the VE recognized the possible conflict between the hypothetical and the positions he identified. There is also no indication the ALJ or the VE resolved the potential conflict between the DOT and the VE's testimony, which is reversible error. *Moore v. Colvin,* 769 F.3d 987, 990 (8th Cir. 2014)(stating the ALJ failed to resolve an apparent conflict when a hypothetical limited a person to only occasional overhead reaching, but the VE identified jobs the SCO said required frequent reaching). Although the VE stated his testimony was consistent with the DOT, the ALJ was not absolved of a duty to investigate any conflict simply because the VE responded "yes" when asked if his testimony was consistent with the DOT. *Kemp v. Colvin*, 743 F.3d 630, 632-633 (8th Cir. 2014).

The ALJ should have questioned the VE about the inconsistency between his testimony and the DOT job descriptions, and explained the decision to credit the VE's testimony in light of the conflict. *See Welsh v. Colvin,* 765 F.3d 926, 930 (8th Cir. 2014). The Court concludes the ALJ did not resolve a conflict between the VE's testimony and the DOT, and therefore, the VE's testimony was not substantial evidence. On remand, the ALJ is instructed to identify and obtain a reasonable explanation for any conflict between a VE's testimony and the DOT.

**IV.  Conclusion:**

Based on the foregoing, I find the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating

these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**Dated** this **22nd day of December 2014.**

/s/   Barry A. Bryant

HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE